16-1050-cr
*United States v. Jones*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of March, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                  *Circuit Judges*,
             PAUL A. ENGELMAYER,
                  *Judge*.[1]

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

             v.                                          16-1050-cr

BRIAN JONES,

                         *Defendant-Appellant*.

_____

Appearing for Appellant:     Jeremy Gordon, Mansfield, TX.

Appearing for Appellee:      Susan Corkery, Nicholas J. Moscow, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED**.

Appellant Brian Jones appeals from the March 23, 2016 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), convicting him, after a jury trial, of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Jones principally to 132 months of imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Jones argues that his conviction of Hobbs Act robbery conspiracy is not a crime of violence under 18 U.S.C. § 924(c). Jones claims that Hobbs Act robbery conspiracy does not require the use of force such that it meets the definition of "crime of violence" under the elements clause of Section 924(c)(3)(A). He further argues that Section 924(c)(3)(B), the definition's residual clause, is unconstitutional.

Based on recent precedent from our Court and the Supreme Court, we agree. The Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), held that Section 924(c)(3)(B) is unconstitutionally vague. And following the Supreme Court's decision in *Davis*, this Circuit concluded that Hobbs Act robbery conspiracy does not qualify as a Section 924(c) crime of violence. *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019). In light of these decisions, Jones's conviction under 18 U.S.C. § 924(c)(1)(A)(ii) must be vacated.

Accordingly, the judgment of the district court hereby is VACATED and this matter is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk